OPINION *Page 2 
{¶ 1} On February 15, 2007, the Stark County Grand Jury indicted appellant, Percell Ross, on one count of assaulting a peace officer in violation of R.C. 2903.13. Said charge arose from an incident at the Stark County Jail wherein appellant struck Stark County Sheriff's Deputy Mark Brink two times in the face.
 {¶ 2} A jury trial commenced on April 2, 2007. The jury found appellant guilty as charged. By judgment entry filed April 17, 2007, the trial court sentenced appellant to fourteen months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration.
 {¶ 4} Assignments of error are as follows: I {¶ 5} "THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 II {¶ 6} "THE TRIAL COURT ERED (SIC) IN ADMITTING A PHOTOGRAPH INTO EVIDENCE THAT WAS NOT PROPERLY AUTHENTICATED."
 I {¶ 7} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 8} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the *Page 3 
evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
 {¶ 9} Appellant was convicted of assaulting a police officer in violation of R.C. 2903.13(A) and (C)(3) and (4) which state the following:
 {¶ 10} "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 {¶ 11} "(C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), (3), (4), or (5) of this section, assault is a misdemeanor of the first degree.
 {¶ 12} "(3) If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree. *Page 4 
 {¶ 13} "(4) If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation and if the victim suffered serious physical harm as a result of the commission of the offense, assault is a felony of the fourth degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the fourth degree that is at least twelve months in duration."
 {¶ 14} The gravamen of appellant's arguments is that although he was uncooperative, used profanity and refused to be handcuffed, he did not knowingly assault or attempt to strike the officers. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 15} Deputy Mark Brink, the officer who was hit, explained the altercation as follows:
 {¶ 16} "Q. * * * As we approached, Mr. Ross, he kicked his sandals off, made two fists, said, Fuck you numerous times. If you come down here, we're going to go at it. At this point I advised Mr. Ross to turn around, place his hands behind his back. He didn't do it the first time. I told him again. He didn't do it the second time. And then the third time I told him to turn around, to put his hands behind his back. He did so. He turned and faced the bars, put his hands on the bar. And when I asked him to put his hands behind his back, he attempted to bring his left hand down to his back. At this point I attempted to put a cuff on his left hand. He jerked away from me and, again, turned his shoulders toward me. I put my right hand on his shoulder to keep him from turning all *Page 5 
the way around. He began to refuse me touching him. He was moving his arms and his shoulders back and forth. At that point we, Deputy Carver, White and I were trying to put handcuffs on him. He would not let go of the bars. We struggled for a few seconds at this point. Sergeant Ady came out on the range. We all went to the ground. I was straddling his back, and I was attempting to get handcuffs on him while he was face down on the floor. He got one handcuff on his right arm, his right hand, and as I was bringing his arm to his back, he struck me twice in the face. As soon as that happened, he was sprayed with Oleoresin Capsicum solution. At that point we were able to get handcuffs put on him and removed from the housing area." T. at 103-104.
 {¶ 17} Two other deputies and a sergeant who were present but did not witness the actual striking of Deputy Brink testified to appellant's combativeness. They testified they were struggling to gain control of appellant as appellant was "flailing quite a bit," "resisting" being restrained, "swinging back and struggling," and "trying to get up and just flailing * * * and then just trying to bring his legs in and kick them out." T. at 127, 128, 141, 142, 151, 153.
 {¶ 18} Deputy Brink testified his upper lip was cut as a result of being elbowed by appellant. T. at 108. Furthermore, prior to the altercation, appellant threatened Deputy Brink as cited supra:
 {¶ 19} "As we approached, Mr. Ross, he kicked his sandals off, made two fists, said, Fuck you numerous times. If you come down here, we're going to go at it." T. at 103. See also, T. at 125-126. *Page 6 
 {¶ 20} Upon review, we find appellant's words and actions established he knowingly became combative and assaulted the officers. We find no manifest miscarriage of justice.
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court erred in admitting into evidence State's Exhibit 1, a photograph of Deputy Brink's face. We disagree.
 {¶ 23} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 24} Appellant argues the photograph was not property authenticated by the photographer. T. at 156-157. Instead, the photograph was identified by Deputy Brink, and he testified the photograph was taken on the same day as the assault and it fairly and accurately depicted his injury. T. at 108.
 {¶ 25} Evid.R. 901(A) states, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."
 {¶ 26} Upon review, we find Deputy Brink's testimony as to the date of the photograph and his injury and the fair representation of his injury to be sufficient to satisfy Evid.R. 901(A).
 {¶ 27} Assignment of Error II is denied. *Page 7 
 {¶ 28} The judgment of the Court hereby affirmed.
Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1